IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY and SUSAN LOWE, ) | |
| ) | |
| Plaintiffs, ) | Case No. CIV-11-1098-M |
| ) | |
| vs. ) | |
| ) | COMPLAINT   CIV 12-292-KEW |
| PORTFOLIO ) | |
| RECOVERY ASSOCIATES, LLC, ) | |
| AND PORTFOLIO RECOVERY ) | |
| ASSOCIATES, INC. ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiffs, TERRY and SUSAN LOWE ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Oklahoma, County of Pittsburg, and City of Canadian.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

consent form provided

6. Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA, LLC") and PORTFOLIO RECOVERY ASSOCIATES, INC. ("PRA, INC."), or collectively ("Defendants") are a corporation and a limited liability company who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

12. Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone

call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with collection of an alleged debt in default, Defendant PRA, LLC, itself and on behalf of Defendant PRA, Inc., placed a telephone call to Plaintiffs' residential telephone on October 8, 2011 at 8:30 A.M., and at such time, Defendant PRA, LLC told Plaintiff Terry Lowe that it was calling about multiple accounts.

14. At such time, Plaintiff Terry Lowe told Defendant PRA, LLC that he did not give out personal information over the telephone and requested Defendants contact Plaintiffs in writing.

15. In connection with collection of an alleged debt in default, despite Plaintiffs' verbal demand to cease telephonic communications, Defendant PRA, LLC, itself and on behalf of Defendant PRA, Inc., placed a non-emergency telephone call to Plaintiff Susan Lowe's cellular telephone on October 20, 2011 at 5:00 P.M., using an automatic dialing system, and at such time, Plaintiff Susan Lowe informed Defendant that it had called a cellular telephone number and demanded that Defendants cease calling her cellular telephone.

16. In connection with collection of an alleged debt in default, despite Plaintiffs' verbal demand to cease telephonic communications, Defendant PRA, LLC, itself and on behalf of Defendant PRA, Inc., placed a non-emergency telephone call to Plaintiff Susan Lowe's cellular telephone on October 26, 2011 at 4:50 P.M. using an automatic telephone dialing system, and at such time, Plaintiff Susan Lowe again informed Defendant that it had called a cellular telephone number and demanded that Defendant cease calling her cellular telephone.

17. In connection with collection of an alleged debt in default, despite Plaintiffs' verbal demand to cease telephonic communications, Defendant PRA, LLC, itself and on behalf

of Defendant PRA, Inc., placed a non-emergency telephone call to Plaintiff Terry Lowe's cellular telephone on October 26, 2011 at 5:07 P.M. using an automatic telephone dialing system, and at such time, Plaintiff Terry Lowe informed Defendant that it had called a cellular telephone number and demanded that Defendant cease calling her cellular telephone.

18. In connection with collection of an alleged debt in default, despite Plaintiffs' verbal demand to cease telephonic communications, Defendant PRA, LLC, itself and on behalf of Defendant PRA, Inc., placed a non-emergency telephone call to Plaintiff Terry Lowe's cellular telephone on October 31, 2011 at 6:12 P.M. using an automatic telephone dialing system, and at such time, Plaintiff Terry Lowe again informed Defendant that it had called a cellular telephone number and demanded that Defendant cease calling her cellular telephone.

19. In connection with collection of an alleged debt in default, despite Plaintiffs' verbal demand to cease telephonic communications, Defendant PRA, LLC, itself and on behalf of Defendant PRA, Inc., placed a non-emergency telephone call to Plaintiff Terry Lowe's cellular telephone on November 2, 2011 at 7:23 P.M. using an automatic telephone dialing system, and at such time, Plaintiff Terry Lowe again informed Defendant that it had called a cellular telephone number and demanded that Defendant cease calling her cellular telephone.

20. In connection with collection of an alleged debt in default, despite Plaintiffs' verbal demand to cease telephonic communications, Defendant PRA, LLC, itself and on behalf of Defendant PRA, Inc., placed a non-emergency telephone call to Plaintiff Terry Lowe's cellular telephone on December 14, 2011 at 7:55 P.M. using an automatic telephone dialing system, and at such time, Plaintiff Terry Lowe again informed Defendant that it had called a cellular telephone number and demanded that Defendant cease calling her cellular telephone.

21. Upon information and good faith belief, one of the accounts Defendants were calling Plaintiffs to collect was for debt allegedly owed to First North American National Bank account ending in 2837.

22. After Plaintiff Terry Lowe requested Defendants communicate with Plaintiffs in writing, Plaintiff Terry Lowe received written communication from Defendants, which stated, in relevant part, as follows:

"Balance:     $748.74

Account/

Reference No.: 4053555044382837

FIRST NORTH AMERICAN NAT'L BANK"

(See correspondence, attached hereto as Exhibit "A")

23. Plaintiffs' alleged debt to First North American National Bank account ending in 2837 was cancelled on November 17, 2010, at which time, Defendants sent Plaintiffs a Form 1099-C for entire amount of the canceled debt. (See Form 1099-C, attached hereto as Exhibit "B").

24. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

<u>**COUNT I**</u>
<u>**VIOLATION OF 15 U.S.C. § 1692d(5)**</u>
<u>**AGAINST DEFENDANT PRA, LLC**</u>

25. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

26. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### AGAINST DEFENDANT PRA, LLC

27. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

28. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' debt, including but not limited to attempting to collect a debt from Plaintiffs after already canceling the debt and causing Plaintiffs to be taxed for the income of the canceled debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## AGAINST DEFENDANT PRA, LLC

29. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

30. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, including but not limited to attempting to collect a debt from Plaintiffs after already canceling the debt and causing Plaintiffs to be taxed for the income of the canceled debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f
## AGAINST DEFENDANT PRA, LLC

31.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

32.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect a debt, including but not limited to attempting to collect a debt from Plaintiffs after already canceling the debt and causing Plaintiffs to be taxed for the income of the canceled debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## AGAINST DEFENDANT PRA, LLC

33.     Plaintiffs repeats and re-alleges each and every allegation contained in paragraphs 1 through 24.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephones, without the prior express consent of Plaintiff,s using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

   c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

   d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

   e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

   f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692d(5)
## AGAINST DEFENDANT PRA, INC.

35. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

36. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

 d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**AGAINST DEFENDANT PRA, INC.**

37. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

38. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' debt, including but not limited to attempting to collect a debt from Plaintiffs after already canceling the debt and causing Plaintiffs to be taxed for the income of the canceled debt.

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

 b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

 d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692e(10)
## AGAINST DEFENDANT PRA, INC.

39.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

40.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, including but not limited to attempting to collect a debt from Plaintiffs after already canceling the debt and causing Plaintiffs to be taxed for the income of the canceled debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692f
## AGAINST DEFENDANT PRA, INC.

41.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

42.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect a debt, including but not limited to

attempting to collect a debt from Plaintiffs after already canceling the debt and causing Plaintiffs to be taxed for the income of the canceled debt.

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT X
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### AGAINST DEFENDANT PRA, INC.

43. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

44. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephones, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

### TRIAL BY JURY

45. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 29 day of June, 2012.

Respectfully submitted,
**TERRY AND SUSAN LOWE**

By: _____
Tearsa S. Olson OBA #30265
Storms Law Office
1901 N. Classen Blvd., Ste 112
Oklahoma City, OK 73106
1-888-595-9111 Ext. 239
1-866-773-6152 (fax)
TOLSON@ATTORNEYSFORCONSUMERS.COM

Co-counsel with Weisberg & Meyers, LLC

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM
ATTORNEYS FOR TERRY AND SUSAN LOWE